UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Gary Patrick McKee,

Plaintiff,

vs. ORDER

Stephen Rathke, Frank Ball, Irv Tolleffson, Bruce Preece, Charles Fjelstad, Cindy O'Brien, Lisa Wood, Gary Knudson,

Defendants. Civ. No. 00-1951 (JRT/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25 day of August, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

For reasons which follow, we direct the Plaintiff to cure the substantial deficiencies in his Complaint, so as to state a claim that is not frivolous, or we will recommend that his action be

FILED AUG 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

dismissed, and that his Application to Proceed in forma pauperis be denied, as moot.

## II. Discussion

On August 22, 2000, the Plaintiff filed a Complaint with the Clerk of Court, together with an Application to Proceed in forma pauperis. In his Complaint, the Plaintiff relates that he has exhausted all his State remedies, and therefore, that this Court should take jurisdiction "in order to move this case from the state level to the Federal Court * * * under statute 510, motion to vacate sentence and statute 440 other civil rights [sic], and also civil rights under statute 550." See, Complaint. By way of further explanation, the Plaintiff contends, in relevant part, as follows:

> This is a case about how an outsider from Washington DC, was framed in Crow Wing and Cass Counties, the iron range in Minnesota, by the powers there at the time. Plaintiff was denied access to any witnesses by attorneys and by the court. The plaintiff, who, had he been in any law-abiding court, would have easily shown that the plaintiff, Gary P. McKee, was not in the state of Minnesota at the time of the alleged crime of Terroristic Threats. Federal Bureau of Investigation files will easily show that plaintiff was not in the state of Minnesota at the time of the alleged crime and was in the state of Utah and then in the state of Florida. Because of the widespread corruption under Stephen Rathke, who was at that time the county attorney of Crow Wing County, and because of Rathke's close relationship with all the Defendants,

> the plaintiff was framed. Plaintiff, who has been denied all access to any witnesses, will easily show the corruption of all defendants and the role the FBI played in this case.
>
> * * *
>
> Plaintiff asks this Court to allow him access to the Court and to bring charges against the above named individuals.
>
> * * *
>
> Plaintiff asks this court to vacate all the sentence and criminal charges [sic] and allow plaintiff to bring criminal charges against all the above individuals in a Federal Court of law, and demand the FBI give all files immediately to the court.

Id.

As best as we can determine, the Plaintiff alleges that he was, somehow, improperly convicted of making terrorist threats. However, a cursory review of the Plaintiff's Complaint reveals that it is devoid of any specific allegations that would allow us to determine whether he has alleged any valid cause of action.

By way of example, the Plaintiff's Complaint fails to identify who most of the Defendants are; how their respective acts individually violated the Plaintiff's rights; whether the named Defendants were acting under color or State or Federal law; or the precise legal claim, or claims, that the Plaintiff alleges, or the relief that is legally warranted. Further, the Plaintiff has failed to allege any apparent Federal cause of action but, instead, has

generically referred to Statutes 510, 550, and 440, without any specific citation of the source from which their purported authority arises. Without more, we are unable to determine whether the Plaintiff's Complaint states a valid cause of action and, therefore, we would be empowered to recommend that his action be dismissed, without prejudice. We think it preferable, however, to allow the Plaintiff a predismissal opportunity to cure the deficiencies of his Complaint, by the filing of an Amended Complaint that properly, and plainly, states a cause of action, and that is the approach we here allow.

Accordingly, by no later than **September 15, 2000**, the Plaintiff shall file an Amended Complaint that will cure the defects we have identified, and that will plainly, and lucidly, state a viable cause of action. If the Plaintiff fails to timely cure the defects of his Complaint, which we have identified, and which we have found to be fatal to his claim, we will be compelled to recommend that his Complaint be dismissed.

NOW, THEREFORE, It is --

ORDERED:

1. That, by no later than **September 15, 2000**, the Plaintiff shall file an Amended Complaint that will cure the defects we have identified, and that will plainly, and lucidly, state a viable cause of action.

2. That, if the Plaintiff fails to timely cure the defects of his Complaint, which we have identified, and which we have found to be fatal to his claim, we will be compelled to recommend that his Complaint be dismissed.

3. That the Clerk of Court shall not forward the Plaintiff's Complaint to the United States Marshal for service, until further Order of this Court, nor shall the Court act upon the Plaintiff's Application for pauper standing, until such time as the Plaintiff complies with our directives, or the time to do so expires.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE