UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gary Patrick McKee,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Stephen Rathke, Frank Ball, Irv Tolleffson, Bruce Preece, Charles Fjelstad, Cindy O'Brien, Lisa Wood, Gary Knudson,

Defendants. Civ. No. 00-1951 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of October, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

For reasons which follow, we recommend that the Plaintiff's action be dismissed without prejudice, and that his Application to Proceed in forma pauperis be denied, as moot.

FILED 10/17/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK pk

## II. Discussion

On August 22, 2000, the Plaintiff filed a Complaint with the Clerk of Court, together with an Application to Proceed in forma pauperis. In his Complaint, the Plaintiff related that he has exhausted all his State remedies, and therefore, that this Court should take jurisdiction "in order to move this case from the state level to the Federal Court * * * under statute 510, motion to vacate sentence and statute 440 other civil rights [sic], and also civil rights under statute 550." See, Complaint. By way of further explanation, the Plaintiff related, as follows:

> This is a case about how an outsider from Washington DC, was framed in Crow Wing and Cass Counties, the iron range in Minnesota, by the powers there at the time. Plaintiff was denied access to any witnesses by attorneys and by the court. The plaintiff, who, had he been in any law-abiding court, would have easily shown that the plaintiff, Gary P. McKee, was not in the state of Minnesota at the time of the alleged crime of Terroristic Threats. Federal Bureau of Investigation files will easily show that plaintiff was not in the state of Minnesota at the time of the alleged crime and was in the state of Utah and then in the state of Florida. Because of the widespread corruption under Stephen Rathke, who was at that time the county attorney of Crow Wing County, and because of Rathke's close relationship with all the Defendants, the plaintiff was framed. Plaintiff, who has been denied all access to any witnesses, will easily show the corruption of all defendants and the role the FBI played in this case.
>
> * * *

> Plaintiff asks this Court to allow him access to the Court and to bring charges against the above named individuals.
>
> * * *
>
> Plaintiff asks this court to vacate all the sentence and criminal charges [sic] and allow plaintiff to bring criminal charges against all the above individuals in a Federal Court of law, and demand the FBI give all files immediately to the court.

Id.

Following a review of the Plaintiff's Complaint, we concluded that the Plaintiff was alleging that he had been, somehow, improperly convicted of making terrorist threats. However, notwithstanding our close reading, we were unable to determine whether the Plaintiff's claim stated a valid Federal cause of action, because of its many deficiencies, including: (1) the failure to identify who most of the Defendants are; (2) the failure to identify how the Defendants respective acts individually violated the Plaintiff's rights; (3) the failure to disclose whether the named Defendants were acting under color or State or Federal law; (4) the failure to describe the precise legal claim, or claims, that the Plaintiff alleges, or the relief that is legally warranted; and, (5) the failure to intelligibly allege a Federal cause of action. See, Order dated August 25, 2000.

Rather than recommending that the Plaintiff's Complaint be dismissed, as frivolous, we indulgently remanded the Complaint back

to the Plaintiff, in order to afford him an opportunity to cure the deficiencies of his Complaint, by filing of an Amended Complaint which would state a valid Federal cause of action. At that time, the Court informed the Plaintiff that his failure to timely cure the defects of his Complaint would result in our recommending to the District Court that his Complaint be dismissed. Thereafter, on September 18, 2000, the Plaintiff submitted an Amended Complaint, as allowed by our prior Order. However, rather than to attempt to cure his past deficiencies, the Plaintiff mounts one conclusory allegation upon another, in a discursive flow of invective, and ultimately prays for undisclosed relief.[1]

---

[1]In his Amended Complaint, the Plaintiff recounts the circumstances which, in his view, resulted in an unlawful finding of guilt on five charges of making terroristic threats. Following that recitation, the Plaintiff requests the following relief:

> Plaintiff asks this court to allow this case to go forward with the massive amount of evidence showing conspiracy, obstruction of justice, false imprisonment, false testimony, alteration of court documents, tampering with evidence, harassment, perjury and wide spread corruption involving * * * law enforcement officials and attorneys. * * * All plaintiff's rights were violated and asks [sic] that the court excuse the plaintiff's lack of knowledge concerning the appropriate laws applicable [sic] to encourage the court to review the case and to bring charges against the afore mention [sic] parties, for their involvement in a gross misrepresentation of justice. Gary P. McKee wants his honorable name cleared and

(continued...)

Notwithstanding an opportunity to do so, the Plaintiff has again failed to proffer any cognizable basis for this Court to exercise its jurisdiction over his claim. As a Federal Court, we have limited jurisdiction, and may only hear matters which fall within our jurisdictional limits. See, Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993)("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"), citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), citing in turn, Marbury v. Madison, 5 U.S. 137 (1803). As a consequence, we have a inviolable obligation, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Bradley v. American Postal Workers Union, AFL--CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992).

Here, the Plaintiff has failed to adhere to our directive that he plainly state a valid, Federal cause of action, on the face of

---

[1](...continued)

> the people guilty of misuse of their power brought to justice to face punishment for their criminal actions.

Amended Complaint, at 5.

his Amended Complaint.[2] As such, we are without a basis upon which to entertain the Plaintiff's claims and, therefore, we recommend that his Amended Complaint be dismissed, without prejudice, and that his Motion for pauper status be denied, as moot.

NOW, THEREFORE, It is --

---

[2]Implicitly, the Plaintiff requests the Court to function as his attorney, by perusing an agglomeration of accusations to determine if any should satisfy some unparticularized legal claim. While we recognize that the Plaintiff is not trained in the law, and that he represents himself in this legal proceeding, our obligation to liberally construe his Amended Complaint does not go so far as to license us to mold a legal claim where none is disclosed. By way of example, the Plaintiff's Complaint may intimate some form of claim, under Title 42 U.S.C. §1983, but he has asserted no prayer for monetary relief and, since it appears that the conduct, of which he now complains, occurred over a decade ago, we have no reason to believe that the claim is not time-barred. See, Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin County, 867 F. Supp. 1430, 1437 (D. Minn. 1994), rev'd on other grounds, 115 F.3d 1372 (8th Cir. 1997), cert. denied, 522 U.S. 1029 (1997). In addition, the Plaintiff appears to request that we urge criminal prosecutions against those he accuses of unlawful acts, but that is not our function as a Court of law, as that authority is vested in prosecutorial discretion. U.S. v. Armstrong, 517 U.S. 456, 464 (1996), citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); see also, Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 807 (1987)(stating that a prosecutor exercises considerable discretion in matters such as the determination of which persons should be targets of investigation, and which persons should be charged with what offenses, and that these decisions, which are critical to the conduct of a prosecution, are all made outside the supervision of the court). We have no showing, which is presented in the Plaintiff's Amended Complaint, that he has any viable Section 1983 claim, or any other claim cognizable under our Federal jurisdiction.

RECOMMENDED:

1. That this action be dismissed for failure to comply with this Court's Order of August 25, 2000, and for failure to state a valid cause of action.

2. That the Plaintiff's Application to Proceed in forma pauperis [Docket No. 2] be denied as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 3, 2000,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 3, 2000**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.